# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK ANTOINE NIXON,<br><br>    Petitioner,<br><br>v.<br><br>ORLANDO HARPER, Warden ACJ;<br>STEPHEN ZAPPALLA, JR., D.A.<br>Commonwealth; BRUCE BEEMER, A.G.<br>Commonwealth; BILL PADUTO, Mayor,<br>Allegheny County,<br>    Respondents. | Civil Action No. 2: 16-cv-1688<br><br>United States Magistrate Judge<br>Cynthia Reed Eddy |

## MEMORANDUM OPINION[1]

Petitioner, Mark Antoine Nixon ("Petitioner" or "Nixon") filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. 2241. At the time Nixon filed this petition, he was a pretrial detainee confined in the Allegheny County Jail awaiting disposition of state criminal charges on two criminal cases: CP-02-CR-1140-2015 and CP-02-CR-11766-2015.[2]

The docket sheet for Petitioner's state criminal cases are available online and this Court takes judicial notice of them. Those dockets reflect that both cases are in the pretrial stages and both cases are scheduled for trial before President Judge Jeffrey A. Manning on February 28, 2017. Petitioner is represented in both cases by attorney Patrick J. Thomassey.

---

[1] The parties consented to jurisdiction by a United States Magistrate Judge. See ECF Nos. 6 and 12. *See also* 28 U.S.C. § 636(c)(1).

[2] Subsequent to the filing of this petition, Nixon's federal supervised release was revoked and he was sentenced on May 19, 2016, to twenty-one months imprisonment. *See United States v. Nixon*, 2:04-cr-00037 (W.D.P.A). Although he notified the Court that he had been transferred to federal custody, it appears that he has not informed the court of his current address. While the docket reflects that Nixon is confined at NEOCC, the Inmate Locater for the Bureau of Prisons indicates that Nixon is currently confined at FCI Hazelton.

1

In the instant Petition for Writ of Habeas Corpus, Petitioner alleges denial of his right to a speedy trial and ineffective assistance of counsel for "failing to raise speedy trial bail and prompt trial rule and necessary motions on my behalf." Petitioner further claims that he is being denied access to the courts because Judge Manning has failed to consider each of his pro se filings "as a hybrid representation, and fail to understand that my attorney of record refuses to file the petitioners/motions on my behalf." He requests that this Court issue an order granting immediate dismissal of all charges against him with prejudice.

**Discussion**

It is clear that Petitioner is not entitled to habeas relief at this time. First, to the extent that he has raised any federal constitutional claims in his Petition, he has failed to exhaust them. 28 U.S.C. § 2254(b)(1); *see also Rose v. Lundy,* 455 U.S. 509, 515 (1982); *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (1982); *Ellison v. Rogers*, 484 F.3d 658, 662-63 (3d Cir. 2007). As explained by our court of appeals in *Moore v. DeYoung*, 515 F.3d 437, 443 (3d Cir. 1975), "jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." (emphasis added). Petitioner has presented no allegations that support a finding of "extraordinary circumstances" and therefore has not made a showing of the need for adjudication by this Court at this time on the merits of his unexhausted state remedies. *Moore*, 515 F.3d at 447. Therefore, the Court will dismiss Nixon's habeas petition without prejudice. *Rose v. Lundy*, 455 U.S. 509 (1982).

Further, the Court notes that Petitioner's *pro se* filings have not required action by the state court as he is represented by counsel and Pennsylvania does not permit hybrid representation. *Commonwealth v. Ali,* 10 A.3d 282, 293 (Pa. 2010). Because Nixon does not

have the right to hybrid representation, he does not have the right to demand that the state trial court address his *pro se* motions on the merits.

Last, where state court remedies are unexhausted, "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." *Younger v. Harris,* 401 U.S. 37 (1981); *Moore,* 515 F.2d at 447-48. *Younger* abstention will apply when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer,* 591 F.3d 666, 670 (3d Cir. 2010) (quoting *Addiction Specialist, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)). If the three *Younger* requirements are satisfied, abstention is required unless the petitioner demonstrates that the state proceedings are motivated by bad faith, the state law being challenged is patently unconstitutional, or there is no adequate alternative state forum where the constitutional issues can be raised. *Id*. at 670 n. 4 (citing *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)). These exceptions are to be construed "very narrowly" and invoked only in "extraordinary circumstances." *Id*.; *Moore*, 515 F.2d at 448. See also Brian R. Means, POSTCONVICTION REMEDIES, § 10.3 *Younger abstention* (July 2012).

Here, there is are ongoing state judicial proceedings, as Petitioner is a defendant in two state criminal prosecutions, and it is clear that granting his request for relief would interfere with those proceedings. In addition the state's criminal cases against him undoubtedly implicate the important state interests of the state's enforcement of its criminal laws. Finally, Petitioner does have the opportunity to raise constitutional claims in the context of his state criminal proceedings. Thus, Petitioner's claims concerning his ongoing criminal proceedings satisfy the

requirements of abstention, and the instant habeas action does not raise the type of extraordinary circumstances contemplated under *Younger*.

**Conclusion**

Based upon all of the foregoing, Petitioner is not entitled to a writ of habeas corpus under 28 U.S.C. § 2241. The Petition will be dismissed for failure to exhaust. The denial of this Petition is without prejudice to Petitioner's ability to timely file another habeas petition, under 28 U.S.C. § 2254 or § 2241 as the circumstances require, following proper exhaustion of available state court remedies and satisfaction of any other applicable procedural prerequisites.

An appropriate Order follows.

s/ Cynthia Reed Eddy<br>
Cynthia Reed Eddy<br>
United States Magistrate Judge

Dated: January 17, 2017

cc: **MARK A. NIXON**
08021-068
NEOCC
2240 Hubbard Road
Youngstown, OH 44505

**MARK A. NIXON**
08021-068
FCI Hazelton
1640 Sky View Drive
Bruceton Mills, WV 26525

**Emily B. Grawe**
Allegheny County District Attorneys Office